UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD HACKETT, JR.<br>104 Pennington Lane South<br>Greenwood, SC 29649<br><br>    Plaintiff,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>  And<br><br>DOUGLAS A. COLLINS,<br>SECRETARY OF VETERANS AFFAIRS,<br><br>*Serve:*<br><br>Secretary Douglas A. Collins<br>US Department of Veterans Affairs<br>810 Vermont Ave., NW<br>Washington, D.C. 20420<br><br>U.S. Attorney General<br>950 Pennsylvania Ave., NW<br>Washington, D.C. 20530<br><br>U.S. Attorney<br>For the District of Columbia<br>U.S. Attorney's Office for DC<br>601 D Street, NW<br>Washington, D.C. 20530<br><br>    Defendants. | CIVIL ACTION NO.: <u>1:25-cv-533</u><br><br>Jury Trial Demanded<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Date: February 21, 2025 |

## **COMPLAINT**

The Plaintiff, Mr. Edward Hackett, Jr. (hereinafter "Plaintiff"), by and through his attorneys, Tully Rinckey PLLC, and for his Complaint against the United States of America and Mr. Douglas A. Collins, in his official capacity as United States Secretary of Veterans' Affairs ("Defendants"), alleges the following:

1

## I.  INTRODUCTION

1. Plaintiff is a Veteran of the United States Army who filed a Request for Reconsideration with the Board of Veterans' Appeals, which refused to adjudicate his request on the merits.

2. This action is based upon 38 C.F.R. §20.1002 and 5 U.S.C. §§551-559, the Administrative Procedure Act.

## II.  JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action presents a federal question arising under the Constitution, laws or treaties of the United States.

4. Further, 28 U.S.C. § 1331 serves as a jurisdictional basis for federal courts "to review agency action." *Califano v. Sanders*, 430 U.S. 99, 105 (1977).

5. This Court has jurisdiction under 28 U.S.C. § 1361 to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

6. This Court has jurisdiction to review Defendants' unlawful actions and inactions and enter appropriate relief under the Administrative Procedure Act, 5 U.S.C. § 701-706.

7. This Court has authority to award the requested relief pursuant to *Tanzin v. Tanvir*, 141 S. Ct. 486 (2020); the requested declaratory relief pursuant to 28 U.S.C. §§2201-02; the requested injunctive relief pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 2202; and costs and attorneys' fees pursuant to 42 U.S.C. § 1988(b).

8. Venue is proper in this district court pursuant to 28 U.S.C. § 1391(e) because Defendants are officers and employees of the United States and agencies of the United States, which is headquartered in Washington, D.C.

### III.  PARTIES

9. Plaintiff, Edward Hackett, Jr., is a Veteran and resides at 104 Pennington Lane South, Greenwood, South Carolina 29649.

10. Plaintiff is informed and believes that Defendant, United States of America, is the government responsible for the decisions at issue.

11. Defendant, United States Department of Veterans' Affairs ("VA"), is a department of the executive branch of the United States Government with headquarters at 810 Vermont Ave NW, Washington DC 20421.  It is an agency within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 701.

12. Defendant, Douglas A. Collins, is the Secretary of Veterans Affairs.

### IV.  STATEMENT OF FACTS

13. Plaintiff is a Veteran who served on active duty from July 1974 to August 1974.

14. Plaintiff applied for VA benefits for disabilities incurred during his time in service. Plaintiff submitted a claim for *retinitis pigmentosa* on May 16, 1994.

15. His claim was denied on September 21, 1994.

16. On March 16, 2010, the Department of Veterans Affairs issues a decision granting Plaintiff service-connection for his *retinitis pigmentosa*.

17. The VA assigned Plaintiff an effective date of March 20, 2000.

18. When assigning Plaintiff an effective date, VA disregarded substantial evidence in Plaintiff's records indicating that his *retinitis pigmentosa* was incurred or otherwise aggravated by military service, and that all requirements for service-connection were met in his 1994 application for the same.

19. The March 16, 2010, decision by the Board of Veterans' Appeals acknowledged that Plaintiff's *retinitis pigmentosa* was incurred or otherwise aggravated by military service and granted him service-connection based on the exact same evidence that was considered by the VA in May 1994.

20. In December 2017, Plaintiff filed a motion in response alleging "clear and unmistakable error" ("CUE") committed by the VA.

21. Plaintiff contends that the Board failed to consider his good health when he enlisted and apply the concept of "presumption of soundness." Plaintiff's entrance examination was absent of any injuries or conditions on his enlistment physical.

22. As a result, Plaintiff contends he was entitled to the statutory presumption that he was in sound condition at entry in the absence of clear and unmistakable evidence to rebut that presumption.

23. Plaintiff's enlistment examination noted how his eyes, specifically, the *fundi*, were within normal limits and that there was no evidence Plaintiff had any pre-existing condition. Plaintiff's vision was fully evaluated during his enlistment examination.

24. Plaintiff contends that the Board did not rely on medical principles and treatises to rebut the "presumption of soundness," considering that *retinitis pigmentosa* has no known cause or textbook delineation on the timeline for the condition's progression.

25. Even if his eye disability existed prior to service, Plaintiff contends he was still qualified for service connection based upon the condition being aggravated during service, as there was a marked change in his condition during service.

26. Plaintiff's *fundi* were reported within normal limits during his eye examination in April 1974. Plaintiff reported for active duty in early July 1974, and it was not until August 1974 that his vision became an issue, prompting a visit to sick call.

27. In December 2017, the Board denied Plaintiff's motion which alleged "clear and unmistakable error" in the Board's February 1999 decision.

28. Plaintiff appealed the denial to the United States Court of Appeals for Veterans Claims.

29. In August 2019, the Court granted a Joint Motion for Remand which was filed by Plaintiff and the Secretary of Veterans' Affairs, thereby remanding the matter.

30. In March 2020, the Board, applying the holding of this Court order dismisses the Plaintiff's December 2017 motion alleging CUE by the Board in February 1999. The dismissal is "without prejudice."

31. In August 2020, Plaintiff filed a new CUE motion for revision or reversal of the February 1999 Board decision that denied service connection for *retinitis pigmentosa*.

32. In June 2021, the Board denied Plaintiff's request.

33. Plaintiff looked to the VA Form 4597 for guidance on proceeding with the next step for purposes of appeal.

34. The VA Form 4597 is entitled, "YOUR RIGHTS TO APPEAL OUR DECISION ON YOUR MOTION FOR REVIEW FOR CLEAR AND UNMISTAKABLE ERROR."

35. The VA Form 4597 identifies and presents three options that can be pursued in the event the claimant is not satisfied with the decision. The claimant is given options to: (1) appeal to the Court of Appeals for Veterans Claims, (2) file a Motion for Reconsideration, or (3) file a Motion to Vacate.

36.     The VA Form 4597 instructs claimants that there is no deadline by which to file a Motion for Reconsideration.  The motion is to be filed by sending written correspondence to the Board explaining the claimant's position as to why the Board committed an obvious error of fact or law.

37.     On October 6, 2021, Plaintiff filed his Motion for Reconsideration.

38.     Given that the very same evidence was reviewed and service-connection was granted in March 2010, Plaintiff contends that the May 1994 denial and the June 2021 decision of the Board of Veterans Appeals were the result of a CUE and that this Board failed to apply the correct statutory regulations which hold that medical opinions that are general and speculative in nature cannot be used to deny a claim for service connection.  Plaintiff asserts this is especially true when these general and speculative medical opinions are the sole evidence used to rebut the "presumption of fitness" at the time of entry into the service.

39.     Between October 2021 and March 2023, numerous efforts were made by Plaintiff, both personally and through counsel, seeking acknowledgment of receipt of the motion and a status update on its processing.  A Board representative eventually advised Plaintiff that his Motion for Reconsideration had been received, but that it would not be reviewed because Plaintiff failed to include a specific form.  The Board, however, incorrectly believed Plaintiff's Motion for Reconsideration was the Notice of Disagreement to a Rating Decision and, as such, further efforts to verify the Board was properly acting on Plaintiff's Motion continued.

40.     The Board representative(s) who made these assertions did so with complete and utter confidence despite their mistake.  This fostered a growing sense of distrust and fear that Plaintiff wasted time, money, and other resources in erroneously filing his appeal.

41.     This sense of distrust and fear was perpetuated by the fact that an individual cannot call the Board and get the same representative twice. The representatives will only release the minimal identifying information making it impossible to complain about specific representatives or the accuracy of information they provide.

42.     On March 16, 2023, after more than eighteen (18) months of attempting to get the Board to acknowledge receipt or to provide an update regarding Plaintiff's Motion, the VA finally responded.

43.     In its response, the Board stated that decisions made as to "clear and unmistakable errors" are not eligible for reconsideration. The Board provided no explanation for remaining silent on the matter for the preceding eighteen (18) months.

44.     When the Board finally responded to Plaintiff, it communicated inaccurate information regarding the eligibility of CUE decisions for reconsideration and made no reference to VA Form 4597 wherein the right to seek reconsideration is noticed to Plaintiff. The Board's mistaken assertions contributed to Plaintiff's long-lasting confusion and frustration.

45.     Because of the Board's disregard for Plaintiff's rights, Plaintiff brought his concerns to then Secretary Denis McDonough as the oversight authority for all issues related to Veterans Affairs.

46.     Plaintiff attempted to obtain assistance from Secretary McDonough to use his authority to expeditiously correct the situation.

### V.    FIRST CAUSE OF ACTION
### Violation of Plaintiff's Rights Under the Administrative Procedures Act
### Agency Action Not in Accordance with Law
### 5 U.S.C. §§ 701-06

**Defendants' failure to adjudicate Plaintiff's Motion to Revise the Defendant's February 1999 decision was in violation of 38 C.F.R. §§ 20.1400-1411 and the APA.**

47. Plaintiff repeats and re-alleges each of the aforementioned allegations contained in paragraphs 1-46 of this Complaint as if fully set forth herein.

48. Defendants are "agencies" under the APA, 5 U.S.C. § 551(1), the policies asserted by Defendants to deny Plaintiff's CUE claim are "rule[s]" under the APA, *id.* § 551(4*)*, and the Defendant's actions complained of herein are "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in court." *Id.* § 704.

49. The APA prohibits agency actions that are "not in accordance with the law." 5 U.S.C. § 706(2)(A).

50. On 6 October 2021, Plaintiff filed a Motion for Reconsideration to his previously submitted CUE claim.

51. On March 16, 2023, after more than eighteen (18) months of attempting to get the Board to acknowledge receipt or provide an update regarding Plaintiff's Motion, the VA finally responded.

52. In its response, the Board inaccurately stated that decisions made as to "clear and unmistakable errors" are not eligible for reconsideration.

53. 38 C.F.R. § 20.1400 states that a request to review or reconsider "whether clear and unmistakable error exists in a final Board decision may be initiated by the Board, on its own motion, or by a party to that decision in accordance with Rule 1404."

54. Despite the Defendant's assertion that it could not consider Plaintiff's motion, there is no statutory basis for the denial, as a motion for reconsideration of a claim based upon CUE can be filed at any time.

55. The only time that a motion for reconsideration/revision is precluded is when the issues on appeal "have been appealed to and decided by a court of competent jurisdiction" and

8

"decisions on issues which have subsequently been decided by a court of competent jurisdiction." 38 C.F.R. §20.1400(b)(1),(2).  Once there is a "final decision" on a motion relating to a prior Board decision on an issue, that decision is no longer subject to revision of the grounds of CUE and subsequent motions relating to that decision on that specific issue will be dismissed with prejudice. 38 C.F.R. § 20.1409(c).  However, a motion for reconsideration, whenever such motion is filed, "will not be considered a motion under this subpart." 38 C.F.R. § 20.1404(e).  Under subpart K, reconsideration of an appellate decision may be made at any time by the Board of Veterans' Appeals on motion by the appellant or his or her legal representative "upon allegation of obvious error of fact or law." 38 C.F.R. § 20.1001(a).

56.    Pursuant to 38 C.F.R. § 20.1404(e), Plaintiff's "motion for reconsideration" of the Board decision was not a "motion" under the statute and his filing should have been considered on the merits rather than summarily dismissed by the Board.

57.    According to the Appellate Rights Notice on VA Form 4597, Plaintiff is entitled to file a Motion for Reconsideration of a CUE Decision.  This right is a critical step in seeking redress for errors committed during a previous rating decision.  The Appellate Rights Notice specifically outlines the process and timeline for such motions, ensuring that veterans have an opportunity to present their case for reconsideration.

58.    By dismissing Plaintiff's motion for reconsideration, the Board has violated the above referenced statutes and the APA by engaging in arbitrary and capricious actions not in accordance with governing law.

## VI.     SECOND CAUSE OF ACTION

**Violation of Plaintiff's Rights Under the Administrative Procedures Act
Agency Action Not in Accordance with Law
5 U.S.C. §§ 701-06**

**Defendants' finding that clear and unmistakable error did not exist with respect to Plaintiff's CUE claim was contrary to applicable regulations and, thereby, renders the decision arbitrary, capricious, and an abuse of discretion.**

59.    Plaintiff repeats and re-alleges each of the aforementioned allegations contained in Paragraphs 1-58 of his Complaint as if fully set forth herein.

60.    Plaintiff's enlistment examination did not note any issues or concerns with respect Plaintiff's vision at the time of entrance on active duty.

61.    Plaintiff was granted service connection for *retinitis pigmentosa* on March 16, 2010, and filed his CUE claim in August 2020, challenging the effective date of the award of service-connection.

62.    Defendants denied Plaintiff's CUE claim holding that medical nexus opinions obtained by the Department of Veterans' Affairs suggesting that Plaintiff's *retinitis pigmentosa* preexisted active duty was sufficient to show that Plaintiff's condition existed prior to his entry on active duty.

63.    A Medical examination report must contain clear conclusions with supporting data/evidence and a reasoned medical explanation connecting the two. *Nieves-Rodriguez v. Peak*, 22 Vet. App. 295, 301 (2008). The medical nexus opinions that were obtained by the Defendants following Plaintiff's initial claim for service connection were speculative in nature and should not have been afforded any probative value. *Perman v. Brown,* 5 Vet. App. 237, 241 (1993). The order overturning the denial of Plaintiff's request for service-connection and awarding an effective date of March 20, 2000, acknowledged these errors.

64. In denying Plaintiff's CUE claim for an earlier effective date, the Defendants failed to correctly apply rules and regulations governing medical nexus opinions and awards of effective dates.

65. The decision that ultimately granted service connection for Plaintiff was not based upon any new or supplemental evidence. Rather, that decision was issued after the Defendants applied the correct interpretation of rules governing the probative weighing of medical nexus opinions.

66. While the correct determination was reached insofar as the Defendants granted service connection for Plaintiff's condition, the Defendants failed to correctly determine Plaintiff's effective date.

67. Where evidence establishes CUE, the prior decision will be reversed or amended. *38 C.F.R. § 3.105(a).* For the purposes of authorizing benefits, the rating or other adjudicatory decision which constitutes a reverse of a prior decision on the grounds of CUE has the same effect as if the corrected decision had been made on the date of the reversed decision. *Id.*

68. The failure to award Plaintiff an earlier effective date commensurate with his initial filing was clear and unmistakable error, in violation of Defendant's own regulations and the APA.

## VII.     THIRD CAUSE OF ACTION

**Violation of Plaintiff's Rights Under the Administrative Procedures Act**
**Agency Action Not in Accordance with Law**
**5 U.S.C. §§ 701-06**

**Defendants' decision to deny Plaintiff's claim was contrary to controlling law, the evidence before the Agency, and constitutes an arbitrary and capricious abuse of discretion in violation of the APA.**

69. Plaintiff repeats and re-alleges each of the aforementioned allegations contained in Paragraphs 1-68 of his Complaint as if fully set forth herein.

70. Plaintiff's enlistment examination noted that his eyes, specifically, the fundi, were within normal limits with no evidence of a pre-existing condition.

71. The Defendants have acknowledged and conceded that an error occurred when evaluating the medical nexus opinions obtained by Defendants with respect to Plaintiff's claim for service connection.

72. VAOPGCREC 82-90, which holds that service-connection for diseases of congenital, developmental, or familial origin is warranted if the evidence as a whole, establishes that the familial conditions in question were incurred or aggravated within the meaning of VA law and regulations. *See Monroe v. Brown*, 4 Vet. App. 513, 515 (1993).

73. Unlike congenital defects, the presumption of soundness applies if a veteran's congenital condition is not noted at entry to military service. *See Monroe* at 513.

74. Once it has been determined that the presumption of soundness is applicable, the burden then shifts to the government to rebut this presumption by clear and unmistakable evidence that the veteran's disability was both preexisting and not aggravated by service. *38 C.F.R. § 3.304(b).*

75. Defendants did not present clear and unmistakable evidence to rebut the presumption of soundness, which was required at the time Plaintiff' had filed his initial claim for service connection for *retinitis pigmentosa*.

76. Absent this error, Plaintiff's original claim for service connection would have been granted by the Defendants.

77. Thus, Defendants' actions were arbitrary, capricious, not supported by substantial evidence, and in violation of Defendants' own regulations and the APA.

## VIII.    PRAYER FOR RELIEF

78.    WHEREFORE, Plaintiff, Mr. Edward Hackett, Jr., respectfully requests that the Court enter judgment in his favor on all counts of this Complaint and order the following relief:

a.  To intervene and reverse the Board's finding and correct the effective date of Plaintiff's service connection for *retinitis pigmentosa* to begin on May 16, 1994; and,

b.  To award any other relief the Court deems necessary and appropriate to provide full and fitting relief to Plaintiff.

79.    Without intervention from this Court, there is no way to ensure Plaintiff ever receives the consideration to which he is statutorily entitled.

## IX.    JURY TRIAL

80.    Plaintiff demands a trial by jury of all issues in this case so triable.

Dated: February 21, 2025                    Respectfully submitted,

*/s/ Stephanie Rapp-Tully*
Stephanie Rapp-Tully, Esq.
Partner
DC Bar No. 1016900
Tully Rinckey, PLLC
2001 L Street, NW, Suite 902
Washington, D.C. 20036
T: (202) 375 – 2220
F: (202) 640 – 2059
SRappTully@fedattorney.com